IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Builders Mutual Insurance Company | ) | C.A. No. 6:10-cv-2322-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Donald A. Gardner Architects, Inc., | ) | |
| Banks & King, LLC, Richard A. Banks, | ) | |
| and James R. King, III, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Builders Mutual Insurance Company ("Builders") seeks a declaratory judgment that it is not obligated to cover an award of statutory damages and attorney's fees entered against its insured, Defendant Banks & King, LLC ("B&K"), in the underlying copyright infringement action, <u>Donald A. Gardner Architects, Inc. v. Banks & King LLC et al.</u>, No. 9:08-cv-02580-MBS. Defendants Richard A. Banks, James R. King, III, and B&K did not respond to the complaint or otherwise appear in this action. On December 10, 2011, the Clerk entered default as to those defendants. Plaintiff did not file a subsequent motion for default judgment; therefore, Defendants Richard A. Banks, James R. King, III, and B&K remain parties to this action.

**Background**

*Underlying Action*

Defendant Donald A. Gardner Architects, Inc. ("Gardner") is an architectural firm that designs houses. B&K is a contracting company that builds houses. Gardner discovered photographs on B&K's website depicting two houses that B&K had constructed with a notation underneath crediting Gardner for the designs. Gardner had no record of B&K or any of B&K's clients purchasing the right to use its design on more than one occasion. Therefore, Gardner's

lawyer sent Defendant Andy Banks ("Defendant Banks") a letter advising him of the discovery of the photographs and informing him that use of the plans without permission constituted copyright infringement. Defendant Banks responded, providing proof that B&K had built one of the photographed houses for a client who had independently obtained a license from Gardner to use the plans. As for the second photographed house, B&K admitted that they had built it without paying a "re-use" fee, but claimed that it had not done so intentionally. Rather, one of B&K's clients had been given several plans including the Gardner design from which to choose a house, and he selected the Gardner design. Afterwards, B&K failed to ensure that the license fee for the Gardner design was paid for.

In the underlying action, Gardner filed a complaint alleging that B&K committed copyright infringement in violation of 17 U.S.C. §§101 et seq. by copying, publishing, distributing, advertising, marketing, selling, and constructing architectural works which were copied or otherwise derived from Gardner's copyrighted design # 256 ("the Gardner design") without authorization.

On July 17, 2009, Gardner filed a motion for summary judgment alleging that it possessed a valid copyright in the Gardner design which was infringed by B&K's construction of a home from unlicensed copies of the design. In their response to Gardner's motion for summary judgment, B&K conceded that they are liable for infringement of Gardner's copyright by constructing a house using the Gardner design without acquiring the license to do so. However, B&K noted that the use of a picture of the completed house on its website to advertise the quality of its services was entirely irrelevant to the action. <u>Donald A. Gardner Architects, Inc. v. Banks & King LLC et al.</u>, No. 9:08-cv-02580-MBS; ECF No. 49, p. 12. Gardner did not respond to this statement in its reply.

On July 1, 2010, this court granted Gardner's motion for summary judgment on the basis that B&K "concede[d] they are liable for infringing on Plaintiff's copyright" and awarded statutory damages in the amount of $750.00. On July 19, 2010 this court granted Gardner's motion for attorneys' fees and awarded $78,251.65.

Gardner has been unsuccessful in collecting the judgment against B&K. B&K was insured by Builders under a Commercial General Liability ("CGL") policy ("the Policy"). Gardner sent a letter to Builders, requesting that it pay the judgment amount on behalf of its insured. Builders refused, contending that the damages are not covered by the Policy's terms. Builders then filed the instant declaratory judgment action. Builders contends that the Policy did not provide coverage for copyright infringement actions generally and only provided coverage if damages entered against the insured were for copyright infringement "in [their] advertisement."

Builders argues that the underlying action was not based on copyright infringement in an advertisement and was solely based on copyright infringement through B&K's construction of a house. Moreover, Builders argues that Gardner did not litigate the issue of advertising infringement in the underlying case. Gardner counters that the underlying opinion from this court encompassed a finding that B&K infringed Gardner's copyright both by constructing the house without paying Gardner a license fee and by publishing a photograph of the house on its website. Gardner contends that the website photograph is covered by the Policy as infringement in an advertisement. The parties filed cross-motions for summary judgment that are currently before the court.

In support of its motion, Builders alleges that the website photograph does not constitute copyright infringement because 17 U.S.C. § 120(a) creates an exemption for photographs of architectural works. Gardner argues that that the legislative history of § 120(a) demonstrates that

3

Congress never intended it to be a "shield for an infringer of an architectural work, who after infringing, publishes photographs of its infringement." Gardner argues that the exemption applies to innocent activities of photography, painting, other pictorial representations, or displays of architectural works for private purposes and that the intent was to protect photographers, sightseers and artists from incurring infringement liability, not architects and builders who seek to display photographs of their infringement.

Gardner cites to the testimony of witnesses at the Congressional hearings on § 120(a) as support for the idea that Congress did not contemplate that § 120(a) would permit a builder to publish a photograph of an infringing house he constructed. Gardner cited testimony from the American Institute of Architects ("AIA"), wherein AIA stated, "We do, however, object to the indirect copying of protected architectural works through pictorial representations." <u>Architectural Design Protection: Hearing on H.R. 3990 and H.R. 3991 Before the H. Subcomm. 8 on Courts, Intellectual Property, and the Administration of Justice</u>, 101st Cong. (Mar. 14, 1990), at 116. Gardner also cited testimony from the American Society of Magazine Photographers ("ASMP"), contending that the intent of Congress was to protect photographers, sightseers, and artists from incurring liability for infringement, not "architects and builders who theoretically may seek to use a photograph in an infringing manner." <u>Id.</u> at 197 (statement by Charles D. Ossola, on behalf of ASMP).

## **Discussion**

### *Standard of Review*

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is

4

"material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248-49 (1986). An issue of material fact is genuine if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. Id. at 257. Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

*Underlying Order*

The court agrees with Builders insofar as it alleges that in the underlying action, Gardner did not litigate the question of whether the photograph of the completed Gardner house on B&K's website constituted copyright infringement. However, as noted above, Gardner's complaint alleged copyright infringement by advertising an architectural work. Nonetheless, Gardner's motion for summary judgment in the underlying action focused on B&K's construction of a house using Gardner's design without authorization. Since B&K conceded that it did in fact construct the house without paying Gardner the appropriate licensing fee, the court granted summary judgment in favor of Gardner in a short opinion relying only on B&K's admission. Plaintiff did not litigate the question of advertising infringement any further, nor did the court have occasion to consider the specific question of whether the photograph of the Gardner house on B&K's website constituted copyright infringement. Nonetheless, the court has considered that question in this opinion.

*Analysis*

According to 17 U.S.C. § 120(a) of the Architectural Works Copyright Protection Act ("AWCPA"), "The copyright in an architectural work that has been constructed does <u>not include the right to prevent the making, distributing, or public display of pictures, paintings,</u>

5

<u>photographs, or other pictorial representations of the work</u>, if the building in which the work is embodied is located in or ordinarily visible from a public place."[1] (emphasis added). Gardner argues that § 120 does not protect an individual who, after infringing upon another's copyright by constructing a building without authorization, publishes a photograph of his infringing building. The court finds that the plain language of the statute does not limit its application to any particular individuals or usages of the photograph. Although Gardner presents Congressional hearing testimony critical of the blanket exemption in § 120, Congress nonetheless passed § 120(a) as a blanket exception. Furthermore, the legislative history of § 120 does not support a finding that Congress contemplated the exceptions to the photography exemption alleged by Gardner.

In AIA's testimony before Congress, cited by Gardner, AIA's objection of indirect copying of architectural works through pictorial representations specifically referred to its fear that "someone [could] photograph or film a structure and then, with the aid of a computer back out architectural plans for use in the development of an infringing structure." AIA further states that "language ought to be added to [§ 120] to prevent this kind of copyright infringement through the use of pictorial representations." The testimony from ASMP, also referenced by Gardner, stated that "the AIA concern about potential misuse of photography is misplaced; if in fact a photograph of a building is used to facilitate an infringement of the architect's rights in his plans or the structure, that infringement is actionable irrespective of whether the photograph itself is protected by [§ 120] . . . whoever is responsible for the design or construction of an infringing structure remains answerable . . . . Despite AIA's request to add qualifying language to § 120, Congress ultimately passed § 120 without any narrowing language. Furthermore, the

---

[1] Builders noted that the house in the photograph was clearly visible from a public place and that the visibility is not at issue. Nowhere does Gardner challenge the fact that the house is located in a publicly visible place.

situation contemplated by AIA did not happen in this case.  There is no allegation that B&K ever used the photograph on the website to develop architectural plans for use in the development of a subsequent infringing house.  The court is therefore not persuaded that the statutory text or legislative history of § 120(a) permits a copyright infringement action for the photograph on B&K's website.

Gardner also argues that § 120 does not apply to this case because Gardner possessed a valid copyright in the technical drawings of the Gardner house in addition to a copyright in the structure itself.  Gardner contends that the § 120 exemption only protects photographs of an architectural work where the copyright is in the architectural structure and not where the copyright is also in the technical drawings.  According to 17 U.S.C. §101, the copyright in an "an architectural work" as referenced in § 120(a) includes a copyright in the design of a building as embodied in any tangible medium of expression, including a building, architectural plans or drawings.  Therefore, the court finds that the § 120 exemption protects photographs of copyrighted architectural works, such as the website photograph in this case, from being actionable regardless of whether the copyright holder has a copyright in the structure itself or in the technical drawings.

### Conclusion

Having considered Builders and Gardner's cross-motions for summary judgment, their respective responses, replies, supplemental briefs, along with oral arguments, the court hereby grants Builders' motion for summary judgment and denies Gardner's motion for summary judgment.  The court declares that Builders is not obligated to cover the award of statutory damages and attorney's fees entered against Defendant B&K in <u>Donald A. Gardner Architects, Inc. v. Banks & King LLC et al.</u>, No. 9:08-cv-02580-MBS.  As Defendants Richard A. Banks,

7

James R. King, III, and B&K have not previously been terminated from the instant case, the court's declaratory judgment is entered against Defendant Gardner as well as Defendants Richard A. Banks, James R. King, III, and B&K.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Chief United States District Judge

March 15, 2012
Columbia, South Carolina